# EXHIBIT "A"

## **SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT**

THIS SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT (hereinafter "Agreement") is made and entered into by and between CALEB CLARK, OSCAR MAJANO, GREG VAGANOV, HALYNA VZHVA, ILYA KARALIOU, NICHOLAS ROTTER, RAFEAL AIRABETOV, YULIYA VASYLENKO, JOSEPH BATEAU, GINETTE CADET, ANTON DOBRYGIN, MIRLENE LAGUER, and MAKSIM LENIN, (hereinafter "Plaintiffs"), POTEMKIN RESTAURANT, a limited liability company, VLADISLAV REZNYKOV, individually, and DANIEL ESTRIN, individually, (hereinafter "Defendants").

WHEREAS, Plaintiff has caused to be instituted a lawsuit against Defendants, alleging violations of the Fair Labor Standards Act in the United States District Court for the Southern District of Florida (10-61156-CIV-MARTINEZ/BROWN);

WHEREAS, Defendants deny any liability to Plaintiffs; and,

WHEREAS, the Parties prefer to avoid the uncertainties and expense of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

1. **No Admission**.  This Agreement, the payment of money under this agreement and compliance with this Agreement, shall not be construed as an admission by of any liability.

2. **Settlement Funds.**  The Defendants agree to pay Plaintiffs and their attorneys the total sum of Fifty Thousand Six Hundred and Seventy and 97/100 Dollars ($50,670.97) as follows: The Defendants shall pay or paid a payment of $8,170.97 before or at the time of executing this Agreement;  the Defendants then shall deliver to Plaintiffs' counsel office two (2) checks on or before November 4, 2015, with one check dated November 4, 2015 for $22,250.00 and the second check post-dated for December 1, 2015 for $10,250.00, with both checks made out to "Whitelock & Associates, PA. Trust Account."

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

The breakdown of the amounts are listed below as follows:

| PLAINTIFF | SETTLEMENT AMOUNT |
|---|---|
| Caleb Clark | $5,038.00 |
| Oscar Majano | $2,039.00 |
| Rafeal Airabetov | $10,256.00 |
| Ilya Karaliou | $11,122.00 |
| Anton Dobrygin | $713.00 |
| Nicholas Rotter | $614.00 |
| Halyna Vzhva | $2,012.00 |
| Yuliya Vasylenko | $706.00 |
| Greg Vaganov | ($2,036.00) |
| Joseph Bateau | ($986.85) |
| Maksim Lenin | ($2,852.22) |
| Ginnette Cadet | ($1,494.00) |
| Mirlene Laguer | ($801.90) |

3.  **Lynn's Food.**  The Parties stipulate that this settlement is a fair and reasonable compromise of this matter pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). First, this matter was disputed but the Plaintiffs were paid almost 90% of all alleged amounts owed, and this was determined prior to the resolution of attorneys' fees and costs. Second, the Parties agree that the fees and costs in this matter were reduced but are otherwise fair and reasonable in this matter because of all the time expended and the number of Plaintiffs.

4.  **Dismissal of Litigation**.  The Parties agree to file any and all papers with the Court to dismiss the above referenced matter.

5.  **Confidentiality**.  The Parties agree that they will not disclose or discuss the terms of the settlement of this action.

6.  **Release of Defendants**.  Plaintiffs hereby unconditionally and irrevocably release Defendants, of and from, and agree not to sue and not to assert against Defendants any and all causes of action.

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

7. **Release of Plaintiff**.  In exchange for the Plaintiffs entering into this agreement and for the other consideration herein, the Defendants release the Plaintiffs from any and all actions and causes of action.

8. **Opportunity to Review.**  The Parties represent they have carefully read and fully understand all of the provisions of this Agreement or the Agreement was read to them to the point that they fully understand such, and that they are voluntarily entering into this Agreement without any coercion or duress and are otherwise extremely satisfied with the result and their attorney/s.

9. **Entire Agreement**.  The Parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied on any representation or statement made by the Party or by any of the Parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

10. **Breach of Agreement**.  Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs.

11. **Severability**.  Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

12. **Execution**.  The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.  Fax copies will be considered original.

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:

PLAINTIFF:

_____
CALEB CLARK

Dated: November 3 2015

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

_____
YULIYA VASYLENKO

Dated: 11/2/15

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

_Oscar Rolando majano_
OSCAR MAJANO

Dated: _October 30 2015_

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

*Joseph Bateau*
JOSEPH BATEAU

Dated: 10/30/15

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

_____
GREG VAGANOV

Dated: 11/3/15

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

*Ginette Cadett*
GINETTE CADET

Dated: October 30, 2015

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

_____
HALYNA VZHVA

Dated: Oct 30 2015

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

_____
ANTON DOBRYGIN

Dated: 10/36/15

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

*[signature]*

ILYA KARALIOU

Dated: Nov 3 2015

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

*Myrlene La Guerre*
MIRLENE LAGUER

Dated: 11/3/15

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

*Nicholas Rotter*
NICHOLAS ROTTER

Dated: 10/30/15

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

*Maxim Lenin*
MAKSIM LENIN

Dated: November 2, 2015

SETTLEMENT, GENERAL RELEASE, AND NON-DISCLOSURE AGREEMENT

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**PLAINTIFF:**

_____
RAFEAL AIRABETOV        Rafael Airapetov

Dated:   November 3, 2015